**Thelma NICHOLS, Appellant,**

v.

**CITY OF ST. LOUIS, Appellee.**

**No. 86–2184.**

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1987.

Decided Jan. 27, 1988.

Rehearing and Rehearing En Banc Denied April 1, 1988.

David C. Holtzman, St. Louis, Mo., for appellant.

Elkin Kistner, St. Louis, Mo., for appellee.

Donna J. Brusoski, Washington, D.C., for amicus E.E.O.C.

Before LAY, Chief Judge, WOLLMAN, Circuit Judge, and BOGUE,[*] Senior District Judge.

WOLLMAN, Circuit Judge.

Thelma Nichols appeals from an order of the district court[1] granting the City of St. Louis' (City) motion for summary judgment on the basis that Nichols' suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, was barred under the principle of claim preclusion. We affirm.

* The HONORABLE ANDREW W. BOGUE, United States Senior District Judge for the District of South Dakota, sitting by designation.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

Nichols was employed at St. Louis City Hospital for twenty years, the last seventeen as a respiratory therapy technician. According to the City, Nichols' discharge on September 27, 1983, at age 57, was a result of her failure to obtain cardiopulmonary resuscitation (CPR) certification. Nichols appealed her dismissal to the St. Louis Civil Service Commission (Commission), where she generally attacked the lawfulness of her termination and, as illustrated by the following excerpts from the transcript of the hearing before the Commission, specifically raised the issue of age-motivated dismissal.

(By Nichols' counsel during his response to a question by the Chairman of the Commission):

And we think that supports our position that basically this is both an age discrimination and also one where because of the personality conflicts between the supervisor and the appellant it was a matter of convenience that the failure of the appellant to become certified by the date given was used for a reason for termination.

(Cross-examination of the Associate Administrator of the City Hospital by Nichols' counsel):

Q. You didn't take any consideration into her age or her length of service with the City?

A. No. We had an issue regarding her performance.

Q. Well, I understand. When you're trying to reach a fair result, is it your testimony that you never consider an employee's age or length of service with the City?

A. Not the employee's age, no.

Q. You never do that?

A. No.

The Commission found that Nichols' "actions in failing to secure said certification were to the prejudice of City Service, and [Nichols'] appointing authority had good and just cause to impose appropriate disciplinary action upon [Nichols]." It further found that Nichols "was unable to perform the duties of her position and, therefore, separation from City Service was warrant-ed." The Commission concluded, however, that based on the fact that Nichols was just short of early retirement, and given her otherwise good work record, dismissal was inappropriate and compulsory early retirement was the suitable discipline. It was therefore ordered that the dismissal be set aside, that Nichols be restored to the payroll for the three days necessary to qualify her for retirement, and that she then be separated from her employment with the City effective October 1, 1983. There was no reference in the Commission's findings to Nichols' claim of age discrimination.

On April 27, 1984, Nichols appealed the Commission's decision to the St. Louis Circuit Court. Her petition raised the issue of age discrimination by alleging, among other things, that "[t]he final decision of the Commission * * * constitutes age discrimination," and that the Commission's failure to order that Nichols be demoted to a class or position that would allow her to function successfully constituted age discrimination. The circuit court affirmed the Commission's determination on January 10, 1985, in a brief order that made no reference to the age discrimination question.

In the meantime, prior to the hearing before the Commission, Nichols filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) on November 28, 1983. The EEOC conducted an investigation and issued a letter of violation that informed the parties that it was commencing conciliation efforts. The EEOC attempted voluntary compliance and informal methods of resolving the dispute, but to no avail. On July 1, 1985, just prior to the expiration of the two-year statute of limitations, the EEOC sent a letter to Nichols' counsel stating that it still was considering Nichols' file for possible civil action. On September 26, 1985, Nichols brought an ADEA action on her own behalf in federal court. The City moved for summary judgment on the basis of the Commission's decision. The district court granted the motion, ruling that Nichols' age discrimination claim was barred by the prior judicially affirmed Commission decision.

Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Since we find "no 'affirmative showing' of a 'clear and manifest' legislative purpose" by Congress to create an exception to section 1738 for ADEA cases, *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485, 102 S.Ct. 1883, 1899, 72 L.Ed.2d 262 (1982); *Whitfield v. City of Knoxville*, 756 F.2d 455, 459 (6th Cir.1985), we must follow the mandate of section 1738 and apply Missouri's law of preclusion.

■ Although the district court based its determination on traditional res judicata, otherwise known as claim preclusion, we agree with the city that the judgment should be affirmed on the basis of issue preclusion.[2]

The distinction between these two aspects of res judicata has been explained by the Missouri Supreme Court as follows:

Traditionally, res judicata (claim preclusion) precludes the same parties from relitigating the same cause of action whereas collateral estoppel (issue preclusion) precluded the same parties from relitigating issues which had been previously adjudicated. * * *

\* \* \* \* \* \*

* * * The court in reviewing whether the application of collateral estoppel is appropriate should consider: (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication. * * * Most courts have added a fourth factor * * *: whether the party against whom collateral estoppel is asserted had a full

and fair opportunity to litigate the issue in the prior suit.

*Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo.1979) (citations ommited) (emphasis in original).

■ In *Gahr v. Trammel*, 796 F.2d 1063 (8th Cir.1986), we held that the state court's holding that the school board had not arbitrarily or capriciously discharged the plaintiff necessarily decided the elements of the plaintiff's first amendment claim and precluded plaintiff from bringing a subsequent first amendment violation claim in federal court. So also here, Nichols clearly and specifically raised before the Commission and again on appeal to the state circuit court the very issue that she later attempted to litigate in her ADEA action: that she was discharged because of her age. Both the Commission and the state circuit court ruled that she had been discharged for good cause—her inability to perform the duties of her position—which necessarily constituted a finding adverse to Nichols' age-based discharge claim. Having been given a full and fair opportunity to litigate that issue before the Commission and the state circuit court, *Kremer v. Chemical Constr. Corp.*, 456 U.S. at 483, 102 S.Ct. at 1898–99; *Gahr v. Trammel*, 796 F.2d at 1070, Nichols will not now be permitted to relitigate it in federal court.

In addition to our holding in *Gahr v. Trammel*, we find support for our decision in *Ritter v. Mount St. Mary's College*, 814 F.2d 986 (4th Cir.1987). There, the plaintiff, who had been denied tenure, filed suit under Title VII, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and the ADEA. After dismissing the Equal Pay Act and ADEA claims, the district court found that plaintiff was not qualified for tenure. On appeal, the Court of Appeals for the Fourth Circuit affirmed the judgment against plaintiff on the Title VII claim but reversed the dismissal of the Equal Pay Act and ADEA claims and remanded those claims for further consideration. On remand, the district court found that the findings in the Title VII case collaterally estopped the plaintiff from establishing a prima facie

**2.** We may affirm a judgment on any ground supported by the record. *See, e.g., Brown v. St.*  *Louis Police Dep't*, 691 F.2d 393, 396 (8th Cir. 1982).

ADEA claim, holding that the two causes of action contained the identical element: the requirement that plaintiff establish that she was qualified for tenure. The Court of Appeals affirmed, holding:

> The plaintiff in an ADEA action must show that he was qualified for the job. * * * Because we have determined that the findings of the district court in the Title VII cause of action can estop the relitigation of those issues under the ADEA cause of action, then Mrs. Ritter is bound by the court's finding that she was not qualified for tenure. Therefore, she cannot establish a prima facie ADEA case.

*Ritter v. Mount St. Mary's College*, 814 F.2d at 992 (citation omitted).

So also in the present case, to establish her claim that she was discharged because of her age Nichols would have to prove that she was qualified to perform the duties of her former position. Because, as set forth above, the Commission and the state court clearly ruled that she was not so qualified, Nichols is estopped from relitigating this issue in federal court.

The district court's order of dismissal is affirmed.