Gary **MANDRELL**, Appellant,

v.

Robert **BAER**, **William Young**, **John Frank**, **James Mosabacher**, **Vincent Schoemel**, all as Board of Police Commissioners of City of St. Louis, Robert Sheetz, Chief of Police, City of St. Louis, individually, **Appellees.**

No. 88–1821.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1988.

Decided Dec. 14, 1988.

See also, D.C., 650 F.Supp. 168.

Rodolfo Rivera, Clayton, Mo., for appellant.

Edward J. Hanlon, St. Louis, Mo., for appellees.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

In this 42 U.S.C. § 1983 action, the district court granted summary judgment in favor of the appellees, the St. Louis, Missouri, Board of Police Commissioners and the Chief of Police. Gary Mandrell, a former St. Louis police officer, now appeals, and we affirm.

In September 1986, a Missouri grand jury indicted Mandrell for stealing by coercion. The St. Louis Police Department immediately suspended Mandrell under a Missouri statute. See Mo.Rev.Stat. § 84.120 (1986). Mandrell did not pursue relief under state administrative procedures. Instead, Mandrell filed this civil rights suit in federal district court, arguing section 84.120 violated his right to equal protection.

The Missouri statute provides that "[n]o person shall be * * * employed as [a] policeman * * * against whom any indictment may be pending, for any offense, the punishment of which may be confinement in the penitentiary." Id. Mandrell argues this statute violates his right to equal protection because it requires that a police officer be suspended when charged with a felony offense by indictment but not when charged by information. Mandrell further asserts no rational basis supports this classification and, thus, the law violates equal protection. In response, the appellees argue the statute requires suspension when a police officer is charged with a felony, without regard to whether the charge is by indictment or information. Accordingly, the appellees contend that no classification exists and Mandrell's equal protection challenge must fail. We find the appellees' argument persuasive.

In 1861, the Missouri General Assembly passed the act now known as section 84.-120. See Act of March 27, 1861, § 6, 1861 Mo.Laws 449. At common law and later under the Missouri Constitution, the state could charge an individual with a felony only by criminal indictment. See Mo. Const. art. I, § 24 (1865). In 1900, Missouri amended its constitution to permit the state to lodge felony charges by filing either an indictment or information. See S.J. & Con.Res. 7, 40th G.A., 1899 Mo.Laws 382 (placing the amendment on the ballot for a vote of the people at the next general election); S.J. & Con.Res. 7, 43d G.A., 1905 Mo.Laws 314 (amendment adopted at general election held in 1900); see also Mo. Const. art. I, § 17 (setting out current provision).

The Missouri courts have not reviewed section 84.120 to determine the meaning of indictment as used in this statute. Nevertheless, when interpreting statutes, Missouri courts look to the spirit as well as the letter of the law. See BCI Corp. v. Charlebois Constr. Co., 673 S.W.2d 774, 780 (Mo.1984) (en banc). By enacting section 84.120, the Missouri General Assembly intended to prohibit any individual from serving as a police officer in the event that individual was charged with a felony. We believe the Missouri courts would uphold the clear intent of the statute by interpreting section 84.120 to prohibit police officers from serving when charged with a felony offense, without regard to the means by which the charge was lodged—indictment or information. Thus, the Missouri statute does not draw the classification asserted by Mandrell, and Mandrell's equal protection challenge fails.

Although the district court granted summary judgment on other grounds, we may uphold the court's decision on any ground supported by the record. See Nichols v. City of St. Louis, 837 F.2d 833, 835 & n. 2 (8th Cir.1988). We affirm the district court for the reasons previously stated.

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.