**Gwendolyn M. RIVERS,**
**Plaintiff–Appellant,**

v.

**BARBERTON BOARD OF EDUCATION,**
**Defendant–Appellee.**

No. 96–4404.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 27, 1998.

Decided May 11, 1998.

Steven L. Howland (argued and briefed), Hardiman, Buchanan, Howland & Trivers, Cleveland, OH, for Plaintiff–Appellant.

David K. Smith (argued and briefed), Means, Bichimer, Burkholder & Baker, Cleveland, OH, Glenn D. Waggoner (briefed), Pepple & Waggoner, Cleveland, OH, for Defendant–Appellee.

Before: WELLFORD, RYAN, and SILER, Circuit Judges.

## OPINION

RYAN, Circuit Judge.

The plaintiff, Gwendolyn M. Rivers, appeals from the district court's summary judgment dismissal, based on the doctrine of *res judicata*, of her case in which she alleged, among other things, race discrimination in violation of 42 U.S.C. §§ 2000e–2000e–17. We affirm the judgment of the district court.

### I.

Rivers filed a charge of discrimination against the defendant, Barberton Board of Education (Barberton), first with the Ohio Civil Rights Commission (OCRC), and then, on June 24, 1993, with the Equal Employment Opportunity Commission (EEOC). Pursuant to a work-sharing agreement, the EEOC refrained from processing the charge while it was pending with the OCRC. On February 24, 1994, Rivers initiated a civil action against Barberton in federal district court (Rivers I). On March 2, 1995, she filed an amended complaint in Rivers I in which she alleged that Barberton discriminated against her based on race and age, in violation of 42 U.S.C. §§ 1981, 1983, 1988, 2000e–2000e–17 (Title VII); the Civil Rights Act of 1991; the Fourth, Thirteenth, and Fourteenth Amendments; and various Ohio laws. When Rivers filed this amended complaint, the EEOC had not yet issued to her a right-to-sue letter.

The Honorable Sam H. Bell granted Barberton's motion for summary judgment on all federal causes of action and declined to retain jurisdiction on a remaining state-law claim, thus dismissing the Rivers I case. In dismissing the Title VII claim, the district court drew upon sister-circuit decisions for its conclusion that it had jurisdiction to consider the claim despite the absence of a right-to-sue letter. The court observed that, although receipt of the right-to-sue letter is not a jurisdictional prerequisite, it is a condition precedent that can be equitably modified only on proper occasion. The court concluded, however, that as to the Title VII *race*-discrimination claim, there was no compelling reason in this instance to equitably modify the requirement for the letter. With respect to the *age*-discrimination claim, however, Judge Bell granted summary judgment, not for want of a right-to-sue letter, but because Rivers failed to plead age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–633a, or under any other statute that supported an age-discrimination claim.

Rather than seek reconsideration or appellate review of the grant of summary judgment on all claims, Rivers immediately requested the OCRC to close its file so the EEOC could accept jurisdiction. She simultaneously requested a right-to-sue letter from the EEOC. Rivers received her race-discrimination right-to-sue letter on May 20, 1996, and her age-discrimination right-to-sue letter on June 5, 1996.

Rivers then filed this action (Rivers II) on June 12, 1996. The operative facts in the Rivers II complaint mirrored those in the dismissed Rivers I amended complaint. Likewise, both complaints alleged racial discrimination in violation of Title VII. The Rivers II complaint additionally invoked the ADEA for her age-discrimination allegation. Barberton moved for summary judgment based upon *res judicata*. The Honorable David D. Dowd, Jr., to whom Rivers II was assigned, granted the motion "[u]nder well-established principles of res judicata." Rivers now appeals this grant of summary judgment with respect to the dismissed Title VII claims only.

## II.

■ "This court reviews the dismissal of a case on claim ... preclusion grounds de novo." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995) (citing *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994)), *cert. denied*, 517 U.S. 1220, 116 S.Ct. 1848, 134 L.Ed.2d 949 (1996). We have set out the principles governing claim preclusion as follows:

> The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action. As stated by this court, res judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Id.* at 560 (internal quotation marks and citations omitted).

## III.

Clearly Rivers I and Rivers II had an identity of parties and causes of action with respect to the alleged race discrimination, thus satisfying the second and fourth elements of the four-prong test. The dispute here concerns the first and third prongs. While both parties seem to agree that the right-to-sue letter is a condition precedent to bringing suit, rather than a jurisdictional requirement, Rivers asserts that a dismissal for failure to meet a condition precedent should be considered, for claim preclusion purposes, to be a jurisdictional dismissal, and, therefore, not a dismissal on the merits. She additionally argues that, lacking the right-to-sue letter, she could not have litigated the Title VII matter in Rivers I in any event.

■ Before addressing Rivers's assertions, however, we first direct our attention to the parties' apparent agreement that the right-to-sue letter is a condition precedent to bringing a Title VII action. As the Rivers I court acknowledged, this circuit has adroitly sidestepped this issue in the past. However, it appears that the time might now be right to join our sister circuits that have already concluded that a right-to-sue letter is merely a condition precedent, and not a jurisdictional requirement, to bringing a Title VII action.

A precursor of this conclusion is found in the Supreme Court's announcement in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132. Since that decision, some circuits have gone so far as to proclaim that "all Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements." *Fouche v. Jekyll Island—State Park Authority*, 713 F.2d 1518, 1525 (11th Cir.1983).

Taking a more measured approach, this circuit merely recognized, without passing on the issue, that "[s]ubsequent to *Zipes*, ... every circuit presented with the issue has decided that the receipt of a right-to-sue letter prior to the filing of a Title VII action is not a jurisdictional prerequisite, but rather a precondition subject to equitable tolling and waiver." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1487 (6th Cir.1989) (citing cases). Since then, other circuits have joined the six circuits cited in *Puckett* in specifically finding the right-to-sue letter to be a modifiable condition precedent. *See, e.g., Forehand v. Florida State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567–69 (11th Cir.1996); *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 505 (1st Cir.1996). More recently, this circuit again expressed tacit approval of the notion that *Zipes* supports the conclusion that the right-to-sue letter is nonjurisdictional. *See Gilday v. Mecosta County*, 124 F.3d 760, 762 (6th Cir.1997). We think it is now time to say so explicitly.

As the Seventh Circuit found, there is " 'no rational basis for treating [differently] those [Title VII action preconditions, *i.e.*, the requirements of 42 U.S.C. § 2000e–5 (1976) ]

that have not been considered from those that implicitly or explicitly have been held not to be jurisdictional.'" *Liberles v. Cook County,* 709 F.2d 1122, 1125 (7th Cir.1983) (quoting *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1009 (11th Cir.1982) (footnote omitted)). Indeed, the *Zipes* Court's reasoning, that the filing requirement is a precondition because it is listed in a separate section of Title VII than the section that grants jurisdiction to the district courts, is equally applicable to all of the requirements listed in section 2000e–5(f)(1). *See McKinnon,* 83 F.3d at 505. Furthermore, it is reasonable to conclude that, "[b]ecause a timely filing with the EEQC necessarily precedes the return of a right-to-sue [letter] from the EEOC, such [a letter] must also be [a condition precedent that is] curable." *Jones v. American State Bank,* 857 F.2d 494, 499 (8th Cir.1988).

Accordingly, we hold that the right-to-sue letter is a condition precedent and not a jurisdictional requirement. Rivers does not contend otherwise. Neither does she question the propriety of the Rivers I court's summary judgment dismissal of her Title VII claim. Rather, she disputes the preclusive effect of this dismissal.

■ Rivers urges that a dismissal for failure to satisfy a condition precedent should not be considered an adjudication on the merits for claim preclusion purposes. She notes that at least two other circuits have adopted this position. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 679 n. 18 (5th Cir. 1985); *Pinkard v. Pullman–Standard,* 678 F.2d 1211, 1218 (5th Cir. Unit B 1982); *Stebbins v. Nationwide Mut. Ins. Co.,* 528 F.2d 934, 937 (4th Cir.1975). However, we need not decide this question today, because, as we will explain, the preclusive effects of the Rivers I suit would have obtained irrespective of whether the dismissal of the Title VII claim was considered to be on the merits.

It is of no consequence here whether the Title VII claim was dismissed on the merits in Rivers I so long as some relevant portion of Rivers I was dismissed on the merits. It is undisputed that the Rivers I court dismissed with prejudice the race-discrimination claim premised on the myriad theories, including 42 U.S.C. §§ 1981 and 1983, contained in the Rivers I amended complaint. This was a final decision on the merits of the race-discrimination claim by a court of competent jurisdiction, not only as to those legal theories, but also as to any other legal theory under which that claim might have been litigated. *See Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2917–19, 77 L.Ed.2d 509 (1983); *Harrington v. Vandalia–Butler Bd. of Educ.,* 649 F.2d 434, 437 (6th Cir.1981). Consequently, whether or not the dismissal of the Title VII claim was on the merits—indeed, whether or not a Title VII theory was even pleaded—element one was satisfied. The real issue in this case, then, is whether the Title VII claim could have been maintained in the Rivers I action.

■ We find that the Title VII claim could, and should, have been litigated in Rivers I, thus satisfying element three. In so holding, we are guided, indeed constrained, by our recent decision in *Heyliger v. State University and Community College System of Tennessee,* 126 F.3d 849 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1054, 140 L.Ed.2d 117 (1998). In *Heyliger,* the plaintiff filed a race-discrimination claim with the EEOC, and commenced a state-court action three months later. *Id.* at 851. Nearly three years later, Heyliger lost on summary judgment. Two months thereafter, Heyliger received his right-to-sue letter from the EEOC and commenced a Title VII action in federal court. In due course, summary judgment in favor of the defendant was granted based on the *res judicata* effect of the state-court judgment. *Id.* Like Rivers, Heyliger argued that the first suit should not preclude the second suit since he did not receive his right-to-sue letter until after the judgment in the first suit. *Id.* at 854–55.

In affirming the grant of summary judgment premised upon claim preclusion, this court noted that Heyliger could have obtained his right-to-sue letter within the three-year pendency of the state-court action, and then amended his state-court complaint. *Id.* at 855–56; *see Hapgood v. City of Warren,* 127 F.3d 490, 493–94 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1361, 140 L.Ed.2d 511 (1998). The *Heyliger* court

observed that requiring a claimant to request a right-to-sue letter in order to avoid preclusion was an established and nonburdensome requirement. *Heyliger,* 126 F.3d at 856 (citing *Herrmann v. Cencom Cable Assocs., Inc.,* 999 F.2d 223, 225–26 (7th Cir.1993); *Woods v. Dunlop Tire Corp.,* 972 F.2d 36, 40 (2d Cir.1992)). Judge Boggs wrote:

> Not requiring Title VII plaintiffs to comply with this requirement would mean, as Judge Posner observed in *Herrmann,* that "a significant fraction of legally questionable discharges would give rise to two suits," a result that would be "inefficient and ... unduly burdensome to employers and hence indirectly to other workers and to consumers as well as to stockholders...."

*Heyliger,* 126 F.3d at 856 (quoting *Herrmann,* 999 F.2d at 225).

The case for claim preclusion is even more compelling here for at least two reasons. First, because Rivers pleaded the Title VII theory from the start, there would have been no requirement for her to seek leave to amend her complaint. Second, because she filed her Rivers I complaint more than 180 days after she filed her claim with the EEOC, she had a right under the statute to obtain her letter forthwith simply upon request. *See* 42 U.S.C. § 2000e–5(f)(1); *Heyliger,* 126 F.3d at 855. In fact, that is precisely what Rivers did following the Rivers I dismissal. Rivers has made no showing why she could not have otherwise obtained the letter, and perfected her Title VII claim from the outset, much less why she failed to do so during the two-year pendency of Rivers I. Clearly, Rivers could, and should, have maintained the viability of her Title VII action in Rivers I.

In summary, all of the elements of claim preclusion are present here. There is an identity of parties, issues and cause of action; the district court issued a final judgment on the merits with respect to, among others, the section 1981 claim, if not the Title VII claim itself; and Rivers had the opportunity and burden of perfecting her Title VII claim before or during the pendency of Rivers I. Accordingly, her suit in Rivers II was prop-

erly found to be barred under the claim preclusion prong of *res judicata.*

## IV.

We **AFFIRM** the judgment of the district court.