[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 17 2000
THOMAS K. KAHN
CLERK

_____

No. 99-4022

_____

D. C. Docket No. 98-08177-CV-EBD

KENNETH JANG,

Plaintiff-Appellant,

versus

UNITED TECHNOLOGIES CORPORATION,
d.b.a. Pratt & Whitney,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 17, 2000)**

Before BLACK and HULL, Circuit Judges, and GOODWIN*, Senior Circuit Judge.

BLACK, Circuit Judge:

---

* Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

This appeal concerns whether res judicata[2] bars Appellant Kenneth Jang's suit against Appellee United Technologies Corporation (UTC), d/b/a Pratt & Whitney, for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. The district court found Appellant's suit barred and dismissed it with prejudice. We agree with the district court's analysis and affirm.

Appellant worked as an aerospace engineer for Appellee. On November 18, 1996, Appellant filed suit in federal court (*Jang I*) against Appellee. The complaint alleged causes of action under the ADA and the Florida Civil Rights Act, and a breach of contract claim. The district court granted Appellee's motion for summary judgment. The court rejected Appellant's ADA claim because Appellant did not have a "right to sue" letter, found the Florida Civil Rights Act claim time-barred, and deemed the breach of contract claim insufficient as a matter of law. After Appellant subsequently obtained a "right to sue" letter, Appellant filed a second suit in federal court (*Jang II*) against Appellee. That suit included an almost verbatim copy of the

---

[2] We recognize that this doctrine is increasingly referred to as claim preclusion. *See, e.g., In re Interlogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000); *Heyliger v. State Univ. & Community College Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). This trend originated with the Supreme Court's discussion of the "seemingly conflicting terminology" in *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 894 n.1 (1984). In *Migra*, the Court decided to use the term "claim preclusion" instead of "res judicata," because the Court felt that "res judicata" had a narrow use, synonymous with "claim preclusion," and a broad use, which included the concepts of issue preclusion or collateral estoppel. *See id.* We use res judicata here in the narrow sense as described in our past cases.

ADA and the Florida Civil Rights Act claims from the complaint in *Jang I*. The district court granted Appellee's motion to dismiss or for summary judgment based on res judicata in light of the entry of summary judgment in *Jang I*. This appeal followed.

Res judicata, a legal determination which we review de novo, bars relitigation of matters decided in a prior proceeding. *See Israel Discount Bank, Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992). "Specifically, it will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Id.* (citing *Citibank, N.A. v. Datalease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990)).

This case meets the four elements of res judicata. Appellant concedes that *Jang I* reached a final judgment by a court of competent jurisdiction and involved the same parties as *Jang II*. The two cases involved the same cause of action for res judicata purposes because *Jang II* arose from the same nucleus of operative fact and relied on the same factual predicate as *Jang I*. *See Entin*, 951 F.2d at 315. In addition, the district court granted summary judgment "on the merits" in *Jang I* with respect to at

least the Florida Civil Rights Act and the breach of contract claims.[3]  *See* Fed. R. Civ. P. 41(b).

Appellant asserts that he could not have raised his ADA claim in *Jang I* and thus res judicata should not bar his ADA claim in *Jang II*.  Appellant explains that he attempted to obtain a "right to sue" letter before filing *Jang I* but that the Equal Employment Opportunity Commission (EEOC) and the Department of Labor's Office of Federal Contract Compliance Programs (OFCCP) failed to transmit the letter.  At least three other Circuits have rejected similar arguments and held that plaintiffs may not split causes of action to bring, for example, state law claims in one suit and then file a second suit with federal causes of action after receiving a "right to sue" letter. *See Heyliger v. State Univ. & Community College Sys. of Tenn.*, 126 F.3d 849, 855-56 (6th Cir. 1997) (noting that plaintiff had duty to request right to sue letter and amend state complaint); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995) (explaining that plaintiff could not split causes of action and bring a federal claim later); *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 41 (2d Cir. 1992) (stating that plaintiffs may avoid claim preclusion by filing their other claims and seeking a stay to await the Title VII administrative proceeding or by filing the other claims and then

---

[3]  We decline to address whether the *Jang I* court's dismissal of Appellant's ADA claim, based on his failure to obtain a "right to sue" letter, was "on the merits."  *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998).

amending after obtaining the right to sue letter). In the most analogous case, *Rivers v. Barberton Board of Education*, 143 F.3d 1029 (6th Cir. 1998), the Sixth Circuit affirmed the application of res judicata to bar a suit involving a Title VII claim after the court had dismissed a factually related federal claim on the merits in a prior suit between the parties. *See Rivers*, 143 F.3d at 1032. We agree with these other Circuits, and the district court in this case, and hold that res judicata barred Appellant from splitting his causes of action and bringing his ADA claim after his first suit proceeded to a judgment on the merits.[4]

AFFIRMED.

---

[4] Appellant asks the Court to find manifest injustice or equitably modify the doctrine of res judicata on these facts. Appellant suggests that the alleged failings of the EEOC and the OFCCP prevented Appellant from receiving a "right to sue" letter. We see no basis for an equitable modification on the facts of this case.