**Martha DICKERSON, Plaintiff–Appellant,**

v.

**ASSOCIATES HOME EQUITY, Defendant–Appellee.**

No. 01–5027.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

Martha Dickerson, a Tennessee resident proceeding pro se, appeals a district court order dismissing her civil action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 19, 2000, Dickerson filed an "Injunction and Ammendment [*sic*]" against Associates Home Equity. Although the pleading is difficult to decipher, it appears that Dickerson refinanced a mortgage loan with Associates and was dissatisfied with the manner in which the loan was handled and processed. Dickerson apparently defaulted on the loan and, through the instant action, sought an injunction "to keep Associates Home Equity from taking anything out of House [*sic*] . . . ."

On December 21, 2000, the district court dismissed Dickerson's action because she failed to obtain and submit a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Dickerson has filed a timely appeal.

Upon review, we conclude that the dismissal of Dickerson's Title VII action was entirely appropriate. *See E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir.1999). Title VII requires a plaintiff alleging employment discrimination to file a timely charge of discrimination with the EEOC before bringing suit in

federal court. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). When a charge of discrimination is filed, the EEOC must investigate the complaint in order to determine whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e–5(b). If the EEOC determines that the complaint has a reasonable basis, it will issue a right-to-sue letter to the plaintiff. 29 C.F.R. § 1601.28(b). If the EEOC does not issue a right-to-sue letter within 180 days after the charge of discrimination is filed, the plaintiff may request such a letter. 29 C.F.R. § 1601.28(a). A person must possess a right-to-sue letter from the EEOC in order to file suit under Title VII. *Frank's Nursery & Crafts, Inc.,* 177 F.3d at 456; *see also Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir. 2000) (plaintiff alleging violation of the Americans with Disabilities Act may not file suit unless she has a right-to-sue letter from the EEOC).

 Because "the right-to-sue letter is a condition precedent" to filing suit, rather than a jurisdictional requirement, "the requirement of obtaining a right-to-sue letter may be waived by the parties or the court." *Parry,* 236 F.3d at 309; *see also Rivers v. Barberton Bd. of Educ.,* 143 F.3d 1029, 1031–32 (6th Cir.1998). This court concluded in *Parry* that dismissal of the plaintiff's complaint due to the absence of a right-to-sue letter was unduly harsh because the plaintiff received a right-to-sue letter from the EEOC before the district court's final order. *Parry,* 236 F.3d at 310.

Unlike the situation in *Parry,* however, there is nothing in Dickerson's pleadings to suggest that she has ever filed a charge of discrimination with the EEOC. Moreover, there is nothing in any of Dickerson's pleadings to suggest that she could file a charge of discrimination with the EEOC since she does not allege that she was ever employed by Associates or had any type of employee/employer relationship with Associates.

█ In her appellate brief, Dickerson contends that she mistakenly filed her complaint under Title VII. Dickerson asserts, for the first time, that she is entitled to relief under the Truth in Lending Act, 15 U.S.C. §§ 1601–93, and requests this court to review her allegations under that Act. Dickerson's request is inappropriate. Dickerson did not present a claim based upon the Truth in Lending Act to the district court. Unless exceptional circumstances are present, issues which were neither raised nor ruled upon by the district court are not properly before this court. *See United States v. $100,375.00 in U.S. Currency,* 70 F.3d 438, 441 (6th Cir.1995); *Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.