[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13750
Non-Argument Calendar

_____

D. C. Docket No. 04-80218-CV-JCP

PEPI SCHAFLER, Dr.,

Plaintiff-Appellant,

versus

INDIAN SPRING MAINTENANCE ASSOCIATION AND EACH
INDIVIDUAL MEMBER OF THE BOARD, et. al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 31, 2005)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Pepi Schafler appeals *pro se* the district court's dismissal of her civil diversity complaint, which was brought pursuant to 28 U.S.C. § 1332, as barred by the doctrine of *res judicata*. Although the district court erred by not applying the federal law of *res judicata*, the error was harmless in light of the fact that Schafler's claim met all of the federal requirements of *res judicata*. Accordingly, we AFFIRM.

## I. BACKGROUND

Schafler, a California citizen, filed the instant complaint against the following Florida citizens: (1) Indian Springs Maintenance Association ("ISMA"), and unknown members of its board; (2) unknown participants in the "trash and defame sessions;" (3) Fairway Park Condominium Association ("FPCA"), and unknown members of its board; and (4) the law firm of Nason, Yeager, Gerson, White, and Licoce, P.A. ("Firm"). R1-1 at 1-2. Schafler alleged that she owned, and annually placed on the rental market, a condominium in Boynton Beach, Florida, that was part of the Fairway Park development, which ISMA managed. Schafler alleged that ISMA (1) wrongfully spent association fees that it received from its members, (2) failed to provide its members with annual financial statements, as required by law, and (3) harassed Schafler when she attempted to obtain these records. She further contended that ISMA harassed her by blocking

2

access to her apartment with construction. Next, she alleged that, for the past several years, ISMA's periodic association meetings had been a "'trashing orgy, . . . during which [she] was discussed and ridiculed, insulted, trashed, intending to defame, slander, and present [her] in a false light." *Id.* at 4-5. Schafler also alleged that ISMA: (1) embezzled and wrongly converted her association fees; (2) falsely claimed that she had not paid her fees and then "gave themselves permission to trespass to and occupy [her] real property;" and (3) kept track of her presence on the property. *Id.* at 5-7. Schafler further alleged that FPCA (1) violated Florida law by failing to provide her with financial statements, (2) converted or embezzled her funds, (3) falsely alleged that she had failed to pay her association fees, and (4) trespassed on her property. She next contended that the Firm was a "paid enabler[]," and aided and abetted FPCA and ISMA in their wrongdoings. *Id.* at 8-9. Finally, she claimed that all three defendants (1) were involved in a civil conspiracy, (2) made false allegations against her, and (3) intentionally caused her to suffer emotional distress. Schafler sought, *inter alia*, damages exceeding $5,000,000.

FPCA filed a motion to dismiss, in which it argued, *inter alia*, that, because Schafler had filed actions arising from the same factual situations on a yearly basis against the same defendants, her complaint was barred by the doctrine of *res*

3

*judicata*. According to FPCA (1) Schafler had filed at least two prior lawsuits seeking the same or similar relief against the same defendants, (2) the lawsuits arose out of the same set of facts, and *res judicata* also precludes consideration of issues that could have been raised, but were not, in the previous lawsuits, and (3) the parties were identical. The Firm and ISMA filed substantially similar motions.

The defendants attached copies of Schafler's previous lawsuits to their motions to dismiss. These materials show that Schafler previously filed a lawsuit in state court against ISMA, which was dismissed without prejudice for lack of prosecution on 26 February 2003. *See* R1-8 at exhibit A. They also show that Schafler filed a diversity lawsuit, *pro se*, on 12 February 2002, in the Southern District of Florida against FPCA, ISMA, the associations' individual board members, the Firm, and its counsel. This lawsuit concerned Schafler's ownership of a condominium, in the Fairway Park complex, and her central allegation was that the defendants interfered with her business relationship with her tenants. There, the district court granted the defendants' motion to dismiss, finding that (1) Schafler's complaint failed to state a claim of tortious interference with a business relationship, civil conspiracy, trespass to chattel, extortion, defamation, or legal malpractice, and (2) no facts would support a jury award of punitive damages

4

sufficient to meet the threshold for diversity jurisdiction. We affirmed. *Id.* at exhibit C.

In the instant case, Schafler filed two amended complaints that did not substantially differ from her original complaint. R1-11, 16. She also filed a reply to the defendants' motions to dismiss, arguing, *inter alia*, that the defendants' contention that her claims were barred by the doctrine of *res judicata* was erroneous, since the Supreme Court, in *Commissioner v. Sunnen*, 333 U.S. 591, 598-99, 68 S.Ct. 715, 719-20, 92 L.Ed. 898 (1948), held that collateral estoppel has no bearing on a situation where the legal matters determined in a previous case differ even slightly from those raised in the second case. She also argued that, under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the defendants' reliance on state and local law was erroneous.

The district court dismissed Schafler's amended complaint with prejudice pursuant to the doctrine of *res judicata*. R1-23 at 3-4.[1] Taking judicial notice of the orders issued in Schafler's previous lawsuits, the court found that all four of Florida's requirements of *res judicata* were met because Schafler had filed two or more prior lawsuits, arising out of the same set of facts, with some complaints

---

[1] The court noted that, although it was dismissing Schafler's complaint on the basis of *res judicata*, upon a cursory review of the merits, it felt that failure to state a claim would probably "be an alternative method to dismissal." R1-23 at 4 n.5.

5

repeated verbatim, that sought the same or similar relief against the same defendants. *Id.* at 3-4. The court warned Schafler that her behavior bordered on being "vexatious" and cautioned her against reasserting her claims against these defendants. Schafler filed a motion for reconsideration, alleging that the district court's decision was based on "falsehoods and deceit," and bias, which the district court denied. R1-24, 26.

## II. DISCUSSION

On appeal, Schafler concedes that she brought a "similar" claim in February 2002 against these defendants, but argues that the district court erred by not applying the doctrine of "repeated offense and offender." Appellant Brief at 2, 24-25. She argues that, since the defendants prevented her from renting her property during December 2001, which provided the basis for her 2002 lawsuit, they have continued to prevent her from renting her property, and such subsequent harms are not barred from adjudication by *res judicata*. Additionally, she argues that her prior lawsuit was not a final judgment on the merits, since it was dismissed for lack of subject-matter jurisdiction, and therefore one of the requirements for *res judicata* remains unmet. She also contends that the district court, under *Erie*, should not have applied Florida law. She further argues that the district court's

decision violated due process and equal protection by denying her the right to an unbiased court. Schafler also argues the merits of her claims.

As a preliminary matter, "[w]hen a prior action is brought in diversity in federal court, the federal law of *res judicata* governs in a second suit brought in diversity." *Commercial Box & Lumber Co. v. Uniroyal, Inc.*, 623 F.2d 371, 373 (5th Cir. 1980). Therefore, to the extent that the district court applied Florida law to determine whether Schafler's prior federal litigation barred the instant claim, it erred. Nonetheless, the error appears harmless because Schafler's complaint would also be barred by *res judicata* under federal law.

*Res judicata* is a legal determination that we review *de novo*. *Jang v. United Technologies Corp.,* 206 F.3d 1147, 1149 (11th Cir. 2000). "*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). An action is barred by prior litigation if all of "the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.* It is well-settled that a dismissal for lack of subject matter jurisdiction "is not an adjudication on the merits that would give rise to a viable res judicata defense."

*Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1188 (11th Cir. 2003), *cert. denied,*

540 U.S. 1016 (2003). We have observed:

> [that w]e do not believe that the res judicata preclusion of claims that 'could have been brought' in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation. Instead, [this Court] believe[s] that, for res judicata purposes, claims that 'could have been brought' are claims in *existence at the time the original complaint is filed* or claims actually asserted . . . in the earlier action . . . The underlying core of facts must be the same in both proceedings.

*In re Piper Aircraft Corp.,* 244 F.3d 1289, 1298-1301 (11th Cir. 2001) (internal

quotations and citations omitted).

Because all of the federal requirements for *res judicata* are met, the district

court correctly found that Schafler's February 2002 lawsuit barred the instant

complaint. First, the district court's 2002 order was effectively a final judgment on

the merits. In that case, the district court fully analyzed the merits of Schafler's

case and found that it failed to state a claim for relief. *See* R1-8 at exh. B. The

court then noted that, because Schafler failed to allege any facts that would entitle

her to relief, no reasonable jury could determine that she was entitled to damages

that would meet the jurisdictional amount, and dismissed the claim as also lacking

subject-matter jurisdiction. In *Davila*, where the district court reached the merits

of the case and then found that subject-matter jurisdiction was lacking, we held that

the decision was on the merits, noting that "if the district court truly had dismissed

the case for lack of subject matter jurisdiction it could not legitimately have reached the merits of [the plaintiff's] contentions." *Davila*, 326 F.3d at 1188-89. Likewise, here, the district court's determination that Schafler's claims lacked merit was the basis for its discussion of subject-matter jurisdiction. Therefore, Schafler's February 2002 lawsuit was a final judgment on the merits.

Next, the U.S. District Court for the Southern District of Florida was a court of competent jurisdiction over this case, pursuant to 28 U.S.C. § 1332, assuming that the jurisdictional amount was met. Additionally, it is clear that the parties in the suits were identical, so the third requirement is met.

The final requirement for *res judicata* was also met in this case. Although the specific claims in each case differed somewhat, both suits involved tort claims for damages against these three defendants regarding Schafler's ownership of a particular condominium. *See* R1-1, 8 at Exh. B, C. A careful reading of Schafler's complaint shows that all of her instant claims could have been raised in her February 2002 lawsuit. *See Davila*, 326 F.3d at 1187. The instant suit involved two main complaints: (1) mismanagement of association fees; and (2) harassment and mistreatment of Schafler. *See* R1-1. There is no evidence in the record to suggest that these claims were not in existence at the time of her original action. *See In re Piper Aircraft Corp.*, 244 F.3d at 1299. Regarding the

9

defendants' management of association fees, Schafler's complaint contained no dates and referred to "annual audited financial statement[s]" that were not delivered, suggesting that she allegedly had not been receiving her statements for some time. *See* R1-1 at 3-4. Regarding the harassment claims, her complaint referred to "trashing" that had occurred for several years during ISMA's periodic association meetings, and otherwise failed to orient temporally any of the other alleged harassment. *See id.* at 1-10. Both Schafler's complaint and briefs on appeal contain extremely general allegations that fail to aver that these claims arose after her previous lawsuit or to clarify exactly when they arose. Therefore, because it appears that Schafler's claims were in existence at the time of her previous lawsuit, and she fails to show otherwise, the fourth requirement for *res judicata* was met.

## II. CONCLUSION

Schafler's arguments on appeal are without merit. She offers no legal support for her contention that continuing conduct is not barred by the doctrine of *res judicata*. Additionally, there is no evidence in the record to support her allegations of bias, and the record shows that she did not file a motion for recusal. Accordingly, the district court correctly concluded that the instant complaint was barred by the doctrine of *res judicata*. Because we affirm the district court's order

on *res judicata* grounds, we need not consider the defendants' contention that Schafler's brief violated the Federal Rules of Appellate Procedure. Accordingly, we **AFFIRM.**