[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11752
Non-Argument Calendar

_____

D. C. Docket No. 04-00317-CV-OC-10-GRJ

TADEUSZ BOHDZIUN,

Plaintiff-Appellant,

versus

FLORIDA LAKE COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 12, 2005)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Tadeusz Bohdziun appeals *pro se* the district court's dismissal of his civil

complaint, which was brought pursuant to 28 U.S.C. § 1343. The district court

determined that his claim was barred by the doctrine of *res judicata*. In the instant

lawsuit, Bohdziun sued Florida Lake County ("the County"), alleging that the County had refused to issue him a building permit, denied him access to his property, and permitted the owner of a nearby lot to trespass on his property, and thus he was entitled to just compensation for the County's temporary regulatory taking of his property. On appeal, Bohdziun argues that *res judicata* is inapplicable in his case because his prior federal lawsuit was not adjudicated on the merits, as: (1) the district court dismissed it without a jury trial, in violation of the Seventh Amendment; and (2) this Court, and the Supreme Court, refused jurisdiction of his appeals. He further contends that *res judicata* is inapplicable because the parties in this case were not identical to the parties in his 1999 federal case, as there, he sued the County officials in their individual capacities, and here, he sued the County government. Furthermore, he argues that the cause of action in both suits was not the same because his 1999 federal cause of action was reverse condemnation for a permanent taking, but here, he was seeking to recover possession and obtain a building permit, due to a temporary taking. He also argues that: (1) the district court's dismissal of his complaint violated his Seventh Amendment right to a jury trial; and (2) the County's motion to dismiss was untimely.

Res judicata is a legal determination that we review *de novo*. *Jang v. United*

*Technologies Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). An action is barred by prior litigation if "all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision is rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

A dismissal with prejudice, except in some circumstances not relevant here, constitutes a final adjudication on the merits. Fed. R. Civ. P. 41(b). "In determining whether the prior and present causes of action are the same, we must decide whether the actions arise out of the same nucleus of operative fact, or are based upon the same factual predicate." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (internal quotations, alterations, and citations omitted), *cert. denied*, 540 U.S. 1016 (2003).

Upon careful review of the record and the parties' briefs, we discern no reversible error. Bohdziun previously filed actions against the County in state court, a court of competent jurisdiction. His claims arose out of the same nucleus of operative fact, and were decided on the merits. Bohdziun's claims are thus barred by *res judicata*. Accordingly, we affirm the district court's judgment.

**AFFIRMED.**

3