[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14672
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-03437-CV-RWS-1

JOSH PATTON,
d.b.a. Central Station,

                                        Plaintiff-Appellant,

versus

CITY OF HAPEVILLE, GEORGIA,
a Municipal Corporation,
RUTH BARR, in her official
capacity as Alderman of the City of
Hapeville, Georgia, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 13, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Josh Patton, individually and d/b/a Central Station ("Patton),

appeals the district court's order granting summary judgment to the City of

Hapeville and various city officials, dismissing his claims for racial

discrimination, violations of the United States Constitution, and violations of the

Georgia Constitution. The district court determined that Patton's claims were

barred by the doctrine of *res judicata*.

*Res judicata* is a legal determination that we review *de novo*. *Jang v.*

*United Technologies Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). An action is

barred by prior litigation if "all four of the following elements are present: (1)

there is a final judgment on the merits; (2) the decision is rendered by a court of

competent jurisdiction; (3) the parties, or those in privity with them, are identical

in both suits; and (4) the same cause of action is involved in both cases."

*Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

Upon careful review of the record and the parties' briefs, we discern no

reversible error. Patton previously pursued an action against the City of Hapeville

and others in federal court, a court of competent jurisdiction. His claims arose out

of the same nucleus of operative fact, and were decided on the merits. Patton's

claims are thus barred by *res judicata*.

At the beginning of his brief, Patton also argues that the district court improperly "failed to accept as true and view in the light more favorable to the appellant all facts alleged in appellant's complaint." We conclude from the record, however, that the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Georgia.

For the foregoing reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**