[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12522
Non-Argument Calendar
_____

D. C. Docket No. 05-21369-CV-JAL

EUGENE MORRIS,
a.k.a. "Mercury,"

Plaintiff-Appellant,

versus

BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN,
NFL PLAYER SUPPLEMENTAL DISABILITY PLAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 30, 2006)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Eugene "Mercury" Morris, proceeding pro se, appeals the district court's dismissal of his complaint for employment benefits on the merits and pursuant to the doctrine of res judicata. Morris sued the Defendants, the Bert Bell/Pete Rozelle NFL Player Retirement Plan ("the Plan") and the NFL Player Supplemental Disability Plan ("the Supplemental Plan"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), alleging that he is a Vested NFL Player Beneficiary pursuant to the Plan and Supplemental Plan. He sought retirement pension benefits pursuant to the Plan, and the Retirement Board of the Plan denied his claim for benefits and his subsequent appeal because Morris had settled and released his claims to such benefits in a 1991 agreement between Morris and the Plan. The Board also found that Morris had previously litigated the question of his entitlement to the sought benefits in a prior suit, Morris v. Bert Bell NFL Player Retirement Plan, Case No. 96-21959-CIV-Moore ("the 1996 action"). Morris filed suit in the district court, and the court granted the Defendants' Motion to Dismiss. Morris now appeals.

Res judicata, the legal determination of which we review de novo, bars relitigation of matters decided in a prior proceeding when four requirements are met: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity

with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases. Jang v. United Technologies Corp., 206 F.3d 1147, 1149 (11th Cir. 2000); Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

In this case, it is undisputed that the first three requirements are met, thus we turn to the fourth—whether the same cause of action in this case was raised in the 1996 action.[1] The principal test for determining whether the causes of action are the same is whether, in comparing the substance of the actions, the primary right and duty are the same in each case. Id. at 1239. In general, if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action, the two cases are really the same claim or cause of action for purposes of res judicata. Id.

Morris argues on appeal that res judicata does not apply because the arguments in his 1996 complaint and those in the instant complaint are factually and legally different. Morris argues that his 1996 complaint sought a kind of employee benefit that the district court ultimately determined was not available under the former Bert Bell NFL Player Retirement Plan; he suggests that his instant claim is for retirement benefits that the district court found were excepted

---

[1]Morris agreed in the district court that the first three elements of res judicata were present and he does not challenge the district court's findings on those elements on appeal.

from Morris's 1991 settlement with the Plan. Second, Morris argues that this action, unlike his first action, was filed pursuant to ERISA. Third, Morris argues that this case is different because he is now past the retirement age of 55 years old. Finally, Morris contends that res judicata principles do not apply when the prior action was for declaratory relief.

We conclude that the district court did not err in determining that res judicata barred Morris's instant complaint. Both cases involve Morris's claim that he should receive higher monthly retirement benefits pursuant to Article 5.4 of the Retirement Plan. The type of benefits sought in this case were not excepted from Morris's 1991 settlement. Furthermore, regardless of the fact that Morris now cites to ERISA and irrespective of Morris's present age, this suit is based on the same nucleus of operative fact as the 1996 action. The primary right and duty are the same in each case, as although Morris alleges ERISA violations, he only seeks relief under the Retirement Plan. Under our precedent, res judicata applies. See Ragsdale, 193 F.3d at 1238-39.

Finally, Morris's argument that res judicata does not bar the instant complaint because his first action was for declaratory relief is meritless. While the preclusive effect of a prior declaratory proceeding can sometimes present a special problem of issue preclusion, see, e.g., Empire Fire & Marine Ins. Co. v. J.

4

Transport, Inc., 880 F.2d 1291 (11th Cir. 1989), this special problem exists only when the parties did not actually litigate an issue in a prior declaratory action, id. at 1296-97. The parties in this case fully litigated all issues relating to disability benefits in Morris's first action. Accordingly, the suit is barred by the doctrine of res judicata.

**AFFIRMED.**