[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14685
Non-Argument Calendar
_____

BIA No. A45-878-396

GRANVILLE EDINBURN WILLIAMS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 2, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Granville Edinburn Williams petitions for review of a final order of the

Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's")

order of removal under the Immigration and Naturalization Act ("INA") § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), and denying cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a), or termination of removal under 8 C.F.R. § 1239.2(f). On appeal, he argues that (1) res judicata barred the government from initiating removal proceedings based on his Florida cocaine trafficking conviction because it previously had instituted removal proceedings on the same basis, and those proceedings were terminated in his favor; (2) he was not removable based on the Florida conviction because he would have qualified for treatment under the Federal First Offender Act if he had been prosecuted under federal law; (3) the IJ denied him due process by exhibiting bias during the removal proceedings; and (4) he was eligible for cancellation of removal because he could establish continuous residency based on his father's residency. After thorough review, we dismiss the petition in part, and deny the petition in part.

We review our subject matter jurisdiction de novo. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). If we have jurisdiction, we review the BIA's decision, except to the extent that it adopts the IJ's decision. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). Here, because the BIA issued a separate opinion without adopting the IJ's reasoning, we review only the BIA's decision. See id. We review legal issues, including res judicata and constitutional challenges, de novo. Contreras-Rodriguez v. U.S. Att'y Gen., 462 F.3d 1314, 1316

2

(11th Cir. 2006); Jang v. United Technologies Corp., 206 F.3d 1147, 1149 (11th Cir. 2000).

Under 8 U.S.C. § 1252(a)(2)(C), no court has jurisdiction to review a final order of removal against an alien who is removable by reason of having committed a criminal offense covered in 8 U.S.C. § 1182(a)(2), which includes an alien who has been convicted of a violation of a state law relating to a controlled substance. 8 U.S.C. § 1182(a)(2)(A)(i)(II). However, we retain jurisdiction to consider whether the alien is (1) an alien, (2) who is removable, (3) based on a conviction for an aggravated felony. See Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001). Under 8 U.S.C. § 1252(a)(2)(B)(ii), we do not have jurisdiction to review a decision denying discretionary relief. Nevertheless, we may review constitutional claims or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D).

The Supreme Court has held that, pursuant to 8 U.S.C. § 1252(b)(6), a deportation order is final and reviewable at the time it is issued. Stone v. I.N.S. 514 U.S. 386, 405 (1995). Therefore, an alien seeking review of the denial of a subsequent motion to reopen or for reconsideration must file a separate petition for review of that order. Id. at 405-06.

Because federal courts are limited to resolving real and substantial controversies, we are precluded from deciding questions that cannot affect the

3

rights of the litigant. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Thus, if events occur subsequent to the filing of an appeal that deprive us of the ability to afford a litigant meaningful relief, the case is moot and must be dismissed for lack of jurisdiction. Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). The government may cancel removal of an alien who (1) has been a lawful permanent resident for more than five years, (2) has resided in the United States for more than seven years following admittance in any status, and (3) has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a).

As an initial matter, we do not have jurisdiction to review certain of Williams's claims. First, Williams's argument that the Federal First Offender Act barred his removal was not raised until his motion for reconsideration was filed with the BIA, and he has not petitioned for review of the denial of that motion. We therefore do not have jurisdiction to review that claim. See Stone, 514 U.S. at 405. Second, as to Williams's contention that he was eligible for cancellation of removal because he could establish continuous residency based on his father's residency, the BIA found that he was statutorily ineligible for cancellation of removal after Williams filed his petition for review, on the ground that he had committed an aggravated felony. Thus, even if we were to hold that he could establish the requisite continuous residency, he still would be ineligible for

cancellation of removal. See 8 U.S.C. § 1229b(a). Accordingly, this issue is moot, see Al Najjar, 273 F.3d at 1336, and we dismiss as to these two claims.

We turn now to the issues we have jurisdiction to review: (1) that res judicata barred the removal proceedings, since this issue concerns whether or not Williams was removable, see Bahar, 264 F.3d at 1311; (2) that Williams was denied due process, since it raises a constitutional issue. See 8 U.S.C. § 1252(a)(2)(D).

We find no merit to Williams's argument that res judicata barred the removal proceedings. Res judicata bars relitigation of matters decided in a prior proceeding when four requirements are met: (1) there was a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties are identical in both suits, and (4) the cause of action is the same in both suits. Jang, 206 F.3d at 1149. Here, the IJ closed the earlier proceedings administratively because Williams's criminal appeal was pending, and expressly noted that either party could seek further action in the case by filing a motion to recalendar it. Thus, there was no final judgment on the merits in the earlier proceedings, and res judicata did not bar the instant removal proceedings. See id.

We likewise are not persuaded that Williams was denied due process. Under the Fifth Amendment, aliens are entitled to due process of law in deportation proceedings. Reno v. Flores, 507 U.S. 292, 306 (1993). "Due process is satisfied

5

only by a full and fair hearing." Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987). To prevail on a due process challenge, a petitioner must show "substantial prejudice," which, in turn, requires a showing that the outcome of his proceedings would have been different absent the alleged violation. Id.

Nothing in this record supports Williams's claim that the IJ denied him due process by exhibiting a bias against him. Indeed, the IJ considered and responded to each argument Williams presented in opposition to removal. Thereafter, the BIA affirmed the IJ's decision. Moreover, even if the IJ had advised Williams that he might apply for voluntary departure or waiver of inadmissibility, Williams has not shown that the government would have agreed to these discretionary forms of relief. Thus, Williams has not established that the IJ exhibited a bias or that he somehow was prejudiced by the alleged bias.

Accordingly, we deny Williams's petition as to his claims regarding res judicata and due process, and we dismiss his remaining claims.[1]

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

[1] We also DENY Williams's motion for conditional termination of the removal proceedings.